In the Matter of MICHAEL STEVEN D. and Others, Children Alleged to be Permanently Neglected. LUIS D., Appellant; THE CHILDREN'S VILLAGE, Respondent. [785 NYS2d 61]—

Orders of disposition, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about July 27, 2001, which, after a fact-finding hearing, determined that respondent father had permanently neglected his children, terminated his parental rights to the subject children and committed them to the custody and guardianship of the Commissioner of Social Services and petitioner agency for purposes of adoption, unanimously affirmed, without costs.

Petitioner established by clear and convincing evidence that the father, during the relevant statutory period, failed to present a feasible plan for the return of his five children, failed to undergo drug testing as required, failed to cooperate with the agency despite its diligent efforts to help him meet the goals of his service plan, and was inconsistent in his visitation with the children (see Social Services Law § 384-b [7]). Furthermore, he continued to reside with the biological mother who failed to complete a drug program despite the positive toxicity findings in two of the couple's newborn children.

The court's finding that it was in the children's best interests to terminate the father's parental rights was supported by a preponderance of the evidence at the dispositional hearing (Family Ct Act § 631; see Matter of Star Leslie W., 63 NY2d 136 [1984]). The evidence established that the children had been in the kinship homes of their pre-adoptive foster parents for three years from the time of their placement, and that the pre-

adoptive homes were found by the caseworker to be clean, loving and nurturing. Concur—Tom, J.P., Ellerin, Williams, Lerner and Catterson, JJ.